**Eugene Walter WOJTON, Plaintiff-Appellant,**

v.

**Arthur MARKS and Fairfield General Hospital, Defendants-Appellees.**

**No. 14899.**

United States Court of Appeals
Seventh Circuit.

April 7, 1965.

Jim D. Keehner, Belleville (John E. Norton, Belleville, Ill., of counsel), Wiseman, Hallett, Mosele & Keehner, Alton, Ill., for plaintiff-appellant.

John F. O'Connell, O'Connell & Waller, East St. Louis, Ill., for Fairfield General Hospital.

Howard Boman, Norman J. Gundlach, Arthur Marks, Oehmke, Dunham, Boman & Leskera, Roberts, Gundlach, Lee & Stubbs, East St. Louis, Ill., for Arthur Marks.

Before HASTINGS, Chief Judge, and DUFFY and SWYGERT, Circuit Judges.

HASTINGS, Chief Judge.

On December 24, 1959, plaintiff Eugene Walter Wojton brought this diversity action in the United States District Court for the Eastern District of Illinois Plaintiff sought to recover damages for alleged malpractice by defendants in the treatment of injuries sustained by plaintiff in an automobile accident on December 27, 1957. Defendant Arthur Marks was the physician and surgeon who treated plaintiff. Defendant Fairfield General Hospital was the hospital in which plaintiff was confined as a patient during the treatment for his injuries.

Defendants answered on February 3, 1960, denying the material averments in the complaint. The cause was at issue on the pleadings.

A pre-trial conference was set for hearing on May 31, 1961. Billy Jones, local counsel for plaintiff, was present, but William Rhetta, of Chicago, Illinois, chief counsel of record for plaintiff was not present. Counsel for defendant Marks were present. By stipulation of counsel

present, it was "agreed that if the chief counsel [Rhetta] for the plaintiff fails to appear at the next setting of this case on a pre-trial setting, the cause shall be dismissed at the cost of plaintiff." An appropriate order was entered pursuant to the stipulation.

On September 25, 1961, a second pre-trial conference was held with all counsel for all parties present. A stipulation was agreed to by the parties and entered of record by the trial court. In the pre-trial order estimated trial time was fixed at four days and it was agreed that the "cause is ready for trial and is to be set on ten days notice." A jury trial had been requested.

On February 18, 1964, the parties were properly notified that the case had been set for jury trial on March 2, 1964, at East St. Louis, Illinois, before the Honorable William G. Juergens, Judge.

On March 2, 1964, plaintiff, by his attorneys Rhetta and Jones, filed a motion for a continuance of the trial date. The motion was verified by Rhetta. Jones presented the motion. Neither plaintiff nor Rhetta was present in court. Defendants were present by counsel and announced ready for trial.

It appears from the record that plaintiff had not responded to an arrangement for his physical examination fixed for February 28, 1964 in East St. Louis, Illinois,[1] pursuant to the pre-trial stipulation, because of illness; that on February 25, 1964, Rhetta called Judge Juergens by telephone and requested permission to withdraw as counsel for plaintiff, stating plaintiff desired to employ other counsel, which request was denied by the court; that on February 28, 1964, attorney John Norton, of Belleville, Illinois, called Judge Juergens by telephone and stated plaintiff had called him from Chicago and requested him to represent plaintiff at the trial on March 2, 1964; that Norton would not do so unless a continuance was granted; that the court advised Norton a continuance would not be granted and Norton then said he would not represent plaintiff; and that on February 29, 1964, plaintiff's local attorney Jones telephoned Judge Juergens that he had a doctor's statement to the effect that plaintiff was too ill to attend the trial on March 2, 1964.

The case was called for trial on March 2, 1964. Attorney Jones presented the motion for a continuance. Jones stated plaintiff was not ready for trial. Plaintiff was defaulted in open court. Defendants announced they were ready for trial.

Thereupon, the trial court dismissed the cause of action with prejudice, for lack of prosecution.

Prior to the dismissal, after reviewing the proceedings to date, including the matters above set out, the trial court stated:

"The Court is of the opinion that when Mr. Wojton could not get a continuance so as to enable him to secure other counsel and when the Court would not permit Mr. William P. Rhetta, one of the attorneys of record for the plaintiff, to withdraw, that the statement of illness from the doctor was secured.

"Because of the experience that this Court had in Civil No. 4380[2]:

---

1. Plaintiff was a resident of Lake County, Indiana.

2. The experience the trial court had with plaintiff in Civil No. 4380 is described in its memorandum on dismissal of the instant action, as follows:
   "The Court: Let the record show that on August 5, 1959, Civil Cause No. 4380, entitled Eugene Wojton versus Alma Puckett and J. V. Young, defendants, was filed in this Court; that there were a number of delays and

several times the case was stricken from settings, either pre-trial or motions, the more serious being that on September 22, 1960, hearing on the motions was stricken from the setting because of the entry of appearance of new counsel for the plaintiff (in this suit the plaintiff changed counsel on three different occasions).
   "On September 26, 1960, the cause was stricken from a pre-trial setting on October 19, 1960, because the plaintiff refused to submit to a physical exami-

and the procedure which is presently being followed in Civil No. 4478, which is beginning in the same vein as the prior case, the Court is of the opinion that the doctor's statement is simply and purely and nothing less than a subterfuge and a ruse to get a continuance."

On April 1, 1964, plaintiff was represented by attorneys John E. Norton (above referred to) and Jim D. Keehner. They filed a motion for plaintiff seeking relief under Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A., requesting the trial court to vacate its judgment of dismissal and to reinstate the cause on the docket for trial on its merits.

The motion set out the alleged illness and hospitalization of plaintiff in Oak Park, Illinois at the time of the prior trial date of March 2, 1964. Plaintiff's affidavit was filed in support of the motion, together with affidavits of the hospital assistant administrator, a Dr. Donald S. Miller and a Dr. John C. Murray. Written briefs and arguments were filed by the parties.

On September 8, 1964, after reviewing the entire matter again and considering the motion and supporting affidavits the trial court denied plaintiff's motion for relief under Rule 60(b).

In support of this ruling, the trial court filed a memorandum. The court stated its final conclusion therein, as follows:

"The Court has again reviewed the files and statements made by the various parties, the motions for continuances previously presented, the affidavits of the doctors and assistant hospital administrator, and has again reviewed his order dismissing the cause for want of prosecution and is of the same opinion that he formed previously when the cause

nation which had been ordered by this Court.

"On October 17, 1961, this cause was stricken from a trial setting, because the plaintiff refused to agree that the defendants could have access to hospital records. The cause was tried on September 17, 1962, and the jury re-

was dismissed with prejudice for want of prosecution.

"It is noted that the plaintiff, according to the affidavits, knew of his proposed scheduled hospitalization, yet he failed to notify the Court of this reason for being unable to attend the trial; rather, his attorneys informed the Court that the plaintiff was unable to proceed with the trial for the reason that he had changed counsel. It was not until the Saturday prior to the trial setting on Monday that the attorneys finally informed the Court that Mr. Wojton was too ill to travel. It is noted that this reason for being unable to pursue the trial was not presented until all other means to obtain a continuance had failed. It is also noted that the plaintiff entered the hospital on the very day that he was scheduled for trial in East St. Louis, remaining in the hospital for only two days and then was discharged."

Plaintiff now appeals from the order denying relief under his Rule 60(b) motion.

In oral argument on this appeal, plaintiff's appellate counsel conceded that the trial court did not err in dismissing the action in the first instance on March 2, 1964, for lack of prosecution.

Plaintiff contends the trial court abused its discretion in denying his motion for relief under Rule 60(b).

Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representatives from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * or (6) any other reason justifying relief

turned a verdict of not guilty. The Court on its own motion set the verdict aside and granted the plaintiff a new trial. The cause was again set for Monday, September 23, 1963, at which time the matter was settled by agreement of the parties."

from the operation of the judgment. \* \* \* "

After plaintiff's cause was dismissed in the first instance, he took no steps to file a motion for new trial or to appeal the judgment of dismissal.

■ It is well settled that Rule 60(b) cannot be used as a substitute for appeal. Ackermann v. United States, 340 U.S. 193, 198, 71 S.Ct. 209, 95 L.Ed. 207 (1950); Wagner v. United States, 2 Cir., 316 F.2d 871, 872 (1963).

■ A district court has wide discretion in passing upon a motion under Rule 60(b) and its action should not be set aside lightly without a showing of abuse of discretion. Russell v. Cunningham, 9 Cir., 279 F.2d 797, 804 (1960).

■ It is also well settled that "the policy of the law is to favor a hearing of a litigant's claim on the merits." Id. at 804. Accord, Leong v. Railroad Transfer Service, Inc., 7 Cir., 302 F.2d 555, 557 (1962).

■ The instant case is distinguished on the facts from all we have read where denial of relief under Rule 60(b) was reversed on appeal. Here plaintiff was fully aware of the steps being taken by the trial court after receiving notice of the trial date and being advised by his counsel. There was no showing of "mistake, inadvertence, surprise or excusable neglect."

Plaintiff must rely on a claim for relief pursuant to Rule 60(b) (6) for "any other reason justifying relief from the operation of the judgment." This clearly lies within the sound discretion of the district court. The trial court took no precipitate action. It fully reviewed everything plaintiff presented. It found nothing that would justify a change in its original dismissal of the case. Even plaintiff, in this court, concedes that the district court did not err in dismissing the action in the first instance.

The district court had wide experience with plaintiff in this and other litigation. That it had no animosity toward plaintiff is evidenced by its action in granting plaintiff a new trial in another case arising out of the same automobile accident, which resulted in a settlement of such litigation. See footnote 2, supra.

Our study of the record in this case leads us to the conclusion that the district court did not abuse its discretion and did not err in denying plaintiff's Rule 60(b) motion. The order appealed from will be affirmed.

Affirmed.