**MOLDWOOD CORPORATION, Plaintiff-Appellee,**

v.

**A. B. STUTTS, Defendant-Appellant.**

**The CITY NATIONAL BANK OF TUS-CALOOSA, a National Banking Association, Plaintiff-Appellee,**

v.

**A. B. STUTTS, Defendant-Appellant.**

**Nos. 26546, 26571.**

United States Court of Appeals
Fifth Circuit.

April 14, 1969.

W. D. Partlow, Jr., Tuscaloosa, Ala., Robert P. Upchurch, Livingston, Ala., for appellant.

Ira D. Pruitt, Pruitt & Pruitt, Livingston, Ala., H. Vann Waldrop, Hubbard & Waldrop, Tuscaloosa, Ala., for appellee.

Before THORNBERRY, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

In No. 26546, Moldwood Corporation, claiming a default, sued Stutts, as endorser on two promissory notes, for the remaining principal due, with interest and attorney's fees.

In No. 26571, the City National Bank of Tuscaloosa, claiming a default, sued Stutts, as endorser on two promissory notes, for the remaining principal due, with interest and attorney's fees.

Both cases were docketed for trial on April 22, 1968, in the Western Division of the District Court for the Northern District of Alabama, but were continued to April 25, 1968. Counsel for Stutts was engaged in another trial from April 25 to April 30, 1968, in the Northeastern Division of the same court. Both of Stutts' cases were called for trial on April 25, 26 and April 29, 1968, without response from Stutts' counsel. On the latter date the District Court *sua sponte* entered a default judgment for Moldwood and The City National Bank and submitted the question of damages in each case to a jury. Upon the jury's verdict judgment was entered in No. 26546 in favor of Moldwood and against Stutts for $27,109.02, and in No. 26571 in favor of The City National Bank of Tuscaloosa and against Stutts for $16,778.55.

On May 8, 1968, Stutts moved to set aside the judgment in each case. Both motions were denied on June 10, 1968. These appeals ensued.[1]

Counsel for Stutts complains that he could not be in two divisions of the same court at the same time. Obviously, no court could expect this. There is nothing in the record, however, to show that the Western Division Judge knew of this situation.

■ We nevertheless would be quickly persuaded to give Stutts relief if, upon his motion to set aside the judgment, he had given the District Court even a hint of a suggestion that he had a meritorious defense in either case. This he utterly failed to do.

> It is universally recognized as an essential to the obtaining of relief from a default judgment entered with jurisdiction that there should appear in the motion a clear and specific statement showing, not by conclusion, but by definite recitation of facts, that an injustice has been probably done by the judgment, in that the debt or demand was not owing; that there was a valid defense to it, and that on another trial there will in reasonable probability be a different result. All of the authorities require at least this much. (Citations Omitted.)

Atlantic Dredging & Construction Co. v. Nashville Bridge Co., 5 Cir. 1932, 57 F.2d 519, 521.

■■ The District Court's ruling on a motion to set aside a default judgment is largely within its discretion. Hiern v. St. Paul-Mercury Indemnity Co., 5 Cir. 1959, 262 F.2d 526. There was no abuse of discretion shown here.

Affirmed.

1. Under Rule 18 the Court has placed this case on the Summary Calendar for disposition without oral argument. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I.