Chuck "C.O." BESHEAR, Plaintiff-Appellant,

v.

Clara WEINZAPFEL and Esther Weinzapfel, d/b/a Weinzapfel Tavern, Defendants-Appellees.

No. 71–1657.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 27, 1972.

Decided Feb. 20, 1973.

---

Fairchild, Circuit Judge, filed a concurring opinion.

Theodore Lockyear, Evansville, Ind., for plaintiff-appellant.

Fred P. Bamberger, Evansville, Ind., for defendants-appellees.

Before HASTINGS, Senior Circuit Judge, and FAIRCHILD and PELL, Circuit Judges.

PELL, Circuit Judge.

Plaintiff Beshear, a patron of defendants' tavern, while exiting therefrom, allegedly fell and suffered injuries. His diversity suit for damages was dismissed by the district court for failure to prosecute. Beshear's motion to reopen the case under Rule 60(b), Fed.R.Civ.P., was denied and this appeal followed.

The suit was filed May 20, 1970. Defendants filed their answer on June 22, 1970. Discovery commenced July 15, 1970. The case was assigned for a pretrial conference for September 4, 1970. At that conference the district court, granting defendants' motions, removed the case from the pretrial and trial calendars. The court noted that the case being the last case on the calendar would not have been reached in the October term. The case was assigned for a pretrial conference on January 13, 1971. At the conference, plaintiff's attorney announced to the court "that he had written to his client requesting authority to dismiss the action and was awaiting his reply and . . . in the event his client did not grant authority to dismiss the suit, [he] would file a pe-tition for leave to withdraw as counsel for the plaintiff."

On March 8, 1971, the case was assigned for a pretrial conference for April 30, 1971. On March 12, plaintiff's attorney petitioned for authority to withdraw his appearance. Attached to the petition was a copy of a letter dated January 12, 1971, sent by certified mail to plaintiff advising him that the attorney was going to withdraw his appearance "within a period of ten days from the date of this letter." The letter pointed out that repeated attempts had been made to find witnesses that Beshear had indicated had previously fallen at the accident site, that none of these had been reached, and that it had been found that some of them did not exist. Further, the letter reminded plaintiff that the attorney had suggested dismissing the claim, which Beshear had indicated he did not want to do, and therefore the attorney felt that he could not "proceed with the matter any further, and that if you want the case to continue, it would be well for you to obtain another attorney."

The district court granted the attorney's petition to withdraw on April 6, 1971. A copy of the court's entry was sent to Beshear by certified mail. At the scheduled pretrial conference on April 30, 1971, Beshear did not appear either in person or by counsel and defendants filed their motion to dismiss because plaintiff had unreasonably failed to prosecute the action. The district court on the same day granted the motion and dismissed plaintiff's complaint with prejudice. A copy of the court's entry was sent to Beshear by certified mail. Return receipts for all of the certified mail mentioned hereinbefore were returned executed by an "agent" of Beshear and there is no claim he did not receive any of them. A copy of the motion to dismiss, to which was attached an attorney's affidavit detailing Beshear's derelictions in respect to prosecuting the suit, was also mailed to the plaintiff.

Thereafter the courthouse door was not darkened by Beshear, either per-

sonally or by counsel, until May 24, 1971, the date on which the case was listed on the court's calendar for trial. At that time by attorney (#2), plaintiff filed a motion for relief from the order of dismissal. The motion contains no reference to any of the grounds for relief specified in Rule 60(b), nor indeed to the Rule itself; however, we may assume that Rule was the intended vehicle for relief seeking. The motion was not accompanied by any memorandum of authorities or argument but did have attached to it the affidavit of Beshear. That one-page document recited that he had never received any notice of any kind that a pretrial conference was to be held on April 30, 1971. For the purpose of this appeal we assume that he also intended to say that he was otherwise unaware of the fact that the pretrial conference had been scheduled. The affidavit then states that on April 12th he had received a copy of the trial calendar showing the case was set for trial on May 24, 1971, that having knowledge his first attorney had withdrawn, he took steps to procure another lawyer for the purpose of attending and appearing "in Court on May 24th for the purpose of asking for continuance or if necessary, to appear at trial in this case." The affidavit is silent as to the date on which Beshear first took steps to procure the new counsel, as to whether any trial preparations had actually been made in the event trial had been found to be "necessary" on the 24th, and as to any contention that the plaintiff did possess a mertiorious claim despite the correspondence from his first attorney indicating substantial doubt as to the provability of the case. The affidavit was not executed until May 22nd, two days before it was filed.

On June 7, 1971, defendants filed a detailed memorandum containing argument and citing authorities in opposition to the motion for relief. On June 18, 1971, another firm of attorneys (#3) filed an appearance for Beshear. The record does not indicate that anything else was filed by the new firm other than the written appearance. On June 29, 1971, the district court denied the motion for relief. Notice of appeal was timely filed by the third set of attorneys as to the denial of the motion. Thereafter, another attorney (#4) also entered the fray and made the argument before this court. We are unable to say whether the arguments made to this court might have been persuasive to the district court. None of them was made, and the district court only had the bare factual bones contained in Beshear's affidavit, being that he had not known of the pretrial conference, that he had gotten an attorney sometime before the May 24th supposed trial date (although he had been aware since January that he might have to get another attorney and since early April that he would in fact have to do so), and that the attorney was prepared to appear on the 24th, hopefully to secure a continuance.

At the time of filing the motion for relief, Beshear could in the alternative have launched a direct appeal from the dismissal. 9 Wright & Miller, Federal Practice and Procedure: Civil § 2376 (1971). In doing what he did here, it would appear that he followed what we deem ordinarily to be the better practice of bringing to the attention of the trial court at some appropriate time before appeal the errors which it is claimed have been committed. The district court already familiar with the case is thereby given an opportunity to correct any mistakes it might have made and the parties will avoid the expenses and delays involved in appeals. Unfortunately, while Beshear took a step in the right direction, the travel toward the point of being of assistance to the court in determining whether it had committed error was so slight as to be of minimal consequence.

Irrespective of whether there had been a direct appeal from the dismissal or an appeal from the denial of the Rule 60(b) motion, the district court will not be reversed in the absence of an abuse of discretion. Wright & Miller,

*supra*; 3 Barron & Holtzoff, Federal Practice and Procedure (Wright ed.) § 1323. We recognize also as well-established law that the federal courts have been generally liberal in setting aside dismissals upon a proper showing of "mistake, inadvertence, surprise, or excusable neglect" (the first set of reasons for relief in Rule 60(b)). Beshear on this appeal also urges that he is entitled to relief under the last catchall category of 60(b), "any other reason justifying relief from the operation of the judgment." Although this clause is also probably generally interpreted liberally, Professor Moore has stated that "[a]bsent exceptional and compelling circumstances, a party will not be granted relief from a judgment under clause (6): even though relief from the judgment might have been obtained had an appeal been taken, . . . ." 7 Moore, Federal Practice ¶ 60.27[1], at 348 (1972). We do not find exceptional or compelling circumstances in the present case so as to call into play the catchall clause. Basically, the question presented to us is whether the obvious neglect was excusable and, even if it prima facie was, whether under the particular circumstances there nevertheless was an absence of abuse of discretion.

The leading case involving a dismissal for want of prosecution following failure of attendance at a pretrial conference is Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The Supreme Court expressly refrained from deciding whether unexplained absence from a pretrial conference would *alone* justify a dismissal but held such failure in the context of other evidence of similar purport could be considered as justifying a dismissal.

 At the time the district court dismissed the action, there was a context of facts, which we have set forth hereinbefore, reflecting a lack of prosecutive intent which went beyond the mere failure to attend the pretrial conference. On the basis of contextual facts known or apparent to the district court at the time of dismissal, we cannot say there

was a clear abuse of discretion. The question remains, however, whether the facts adduced on the motion for relief when brought to the attention of the court were of a sufficiency to make the denial of the motion an abuse of discretion.

To a considerable extent the factual situation as it appeared to the district court, which we have recited at the beginning of this opinion, speaks for itself in justification of the rulings of the district court. No point is served in repeating each of the salient factors. Nevertheless, we do note certain particularly significant aspects. Particularly salient is the fact that the court was aware in January that counsel either was going to dismiss or in the absence of consent from the client was going to withdraw. In that context, a pretrial conference was set for the end of April. Further, on March 12, 1971, the attorney did file his petition to withdraw with notice to Beshear. This petition was granted early in April with notice to Beshear. At the end of that month there was no indication that Beshear, who had had ample time within which to secure substitute counsel, had not determined to abandon his case notwithstanding his apparent disinclination to go along with his attorney's recommendation to dismiss.

We also note that the district court may have had doubts about the good faith of the 60(b) motion. While the attached affidavit refers to the receipt of the trial calendar on April 12th, it is singularly silent as to when the first contact was made with a new attorney. It was definitely known by May 5th that the case had been dismissed, yet the affidavit talks in terms of going into court on May 24th for the purpose of asking for the continuance of a nonexistent case or if necessary to try the nonexistent case without any indication that here had been trial preparation.

While the wide discretion of a district court in passing upon a motion under Rule 60(b) has been said to indicate that its action should not be set aside lightly

without a showing of abuse of discretion, Wojton v. Marks, 344 F.2d 222, 225 (7th Cir. 1965), we are also aware that the district court when confronted with such a motion should view the right to relief with liberality, Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951). To the extent that any doubt might thereby have been created as to whether the district court should have granted Beshear the right to a trial on the merits, that doubt is dissipated by a significant insufficiency in the motion and the further proceedings below in support of the motion.

■ The record reflects a complete absence of any regard for a salutary rule that a 60(b) motion should be buttressed by a showing of the existence of a meritorious claim or defense. The most recent and extensive exposition of this requirement is found in Gomes v. Williams, 420 F.2d 1364 (10th Cir. 1970). There, a default judgment was entered against defendant when his attorney failed to appear and answer due to the fact that the summons mailed by the defendant to his attorney was almost certainly destroyed in a mail truck fire —a case of excusable neglect. In his Rule 60(b) petition, Gomes's attorney stated, "We do have a good defense to the claim itself, but especially we have a good defense to any allegation of fraud." 420 F.2d at 1366. The Tenth Circuit held that the lack of anything more than mere allegations of a meritorious defense was by itself a sufficient ground for denying relief under Rule 60(b). See also Moldwood Corp. v. Stutts, 410 F.2d 351 (5th Cir. 1969); Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp., 383 F.2d 249, 251–252 (4th Cir. 1967); Smith v. Kincaid, 249 F.2d 243, 245 (6th Cir. 1957); Rutland Transit Co. v. Chicago Tunnel Terminal Co., 233 F.2d 655, 657 (7th Cir. 1956);[1] 7 Moore, *supra*, ¶ 60.27[1], at 351; 3 Barron & Holtzoff, Federal Practice and Procedure (Wright ed.) § 1217.

In the present case, not only had the plaintiff not alleged sufficient facts to constitute a meritorious claim, but, in fact, the district judge had before him the record of the pretrial conference at which Beshear's attorney had stated that he intended to withdraw if Beshear did not dismiss the complaint because he did not feel it to be a meritorious claim.

We do not intend to suggest that the party moving for relief under 60(b) must show that he would prevail if a merit trial occurred but he must show facts which, if established, might reasonably be said to be a basis for recovery. The significance of some such showing is reflected in Horn v. Intelectron Corp., 294 F.Supp. 1153, 1155 (S.D. N.Y.1968), in which the district court in exercising its discretion in favor of the moving party observed that the "propriety of granting the motion is reinforced by the fact that the defendant raises both respectable factual and legal defenses on the merits . . . ."

Mr. Justice Black in dissenting in Link v. Wabash Railroad Co., *supra*, 370 U.S. at 648–649, 82 S.Ct. 1386, 8 L.Ed.2d 734, adverts to the proposition that the purpose of ending congestion in the courts should be no basis for dismissing cases without notice. While not unmindful of the ever increasing load of litigation in all courts, both federal and state, we agree that courts have been created for the very purpose of trying cases on their merits and that dismissals with prejudice and default judgments should not be utilized as a handy instrument for lessening the case load burden. We do not rest our decision on that basis but we do find Mr. Justice Black's dissent illuminating on one of the principal prem-

---

1. Although most of the cases cited are concerned with the reopening by defendants of default judgments, we do not conceive that this is a material distinction from the present case. What the courts were saying was that vague allegations, which conceivably might be sufficient to avoid being held subject to attack for failure to state a cause under the Federal Rules of Civil Procedure, may not be sufficiently definite to justify relief under Rule 60(b).

ises of our decision in his reference to "merit" in the case of the dismissed party. Thus, he stated,

> "Where a case has *so little merit* that it is not being prosecuted, a trial court can of course properly dispose of it under fair constitutional procedures. There is not one fact in this record, however, from which an inference can be drawn that the case of Link against the Wabash Railroad Company is such a case." 370 U.S. at 648, 82 S.Ct. at 1398. (Emphasis added.)

In the case before us, at the time the trial judge ruled on the motion to dismiss and the subsequent motion for relief, there was nothing in the record to cause him to believe there was any merit. Indeed, the only inference was to the contrary. The case before us remains unchanged in this regard.

Mr. Justice Black also observed (370 U.S. at 649, 92 S.Ct. 1386) that the court congestion would not be alleviated on final analysis because the recipient of the unjust ruling would resort to appellate remedies. While this may be true on the subject of court congestion as a *raison d'être* for dismissal, it has no application here where the contention of merit has never been advanced. Indeed, it is our opinion that it is essential that it have been advanced to the district court as a part of the 60(b) motion and not for the first time on appeal. We refuse to draw an inference that the filing of a 60(b) motion or the prosecution of an appeal connotes merit. The burden of showing a basis for the relief cannot be that lightly met.

Beshear contends that 60(b) relief should be granted in accordance with equitable principles of justice. In our understanding, however, equity contemplates even and fair-handed balancing. To reinstate a cause of action without any real basis for thinking that there was merit to it would scarcely seem to be according equity to the defendants.

■■ Beshear also contends that the dismissal was in violation of the district court's own Rule 7 which provides for 15 days' opportunity to respond to a mo-

tion to dismiss and that the district court was estopped to dismiss because Beshear was aware that the trial was set for May 24, 1971. We find no merit in either contention. The issue regarding the local court notice rule was never presented to the district court and must be deemed to have been effectively waived. We do not know what significance the district court might have attached to this contention because it was not brought to its attention. We do note, however, that this is not a case of a motion to dismiss because of a failure of the complaint to state a claim upon which relief might be granted, as certainly there the court should hear the opposition grounds. The Supreme Court made it clear in Link v. Wabash Railroad Co. *supra,* that absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing does not necessarily render such a dismissal void. All of the circumstances must be considered, and the court has the inherent power to dismiss *sua sponte* for lack of prosecution. 370 U.S. at 630 and 632, 82 S.Ct. 1386.

■ The matter of estoppel perhaps could be inferred from the 60(b) motion, although the claim of reliance at best is amorphous and as previously noted the legal issue as such was never supported by memoranda containing citation of authorities or argument. Further, the thin predicate of this claim of Beshear is the routine official calendar in which presumably all of the cases to be tried are listed with their trial dates. The basis for reliance became shaky shortly after April 6 when Beshear knew he no longer was represented by an attorney, and it evaporated completely on May 5, 1971, when Beshear became aware that his case had been dismissed. One should not have to be a lawyer to know that a case that has been dismissed will not be tried even though it had earlier been listed on a trial calendar. Nevertheless, Beshear did not appear in court for nearly three weeks thereafter. For Beshear's #2 attorney to rely safely on not doing anything in the interim, he would have had to assume among other things

that the trial was to be held on May 24th notwithstanding a dismissal, lack of a pretrial conference, and lack of completion of discovery.

 It had been made clear to the district court that Beshear's first counsel had no confidence in the merits of the case. Successive counsel have put forward no contrary notion. Nevertheless it is now contended, *inter alia,* on appeal that the district court because of the attorney-client privilege should not have considered the letter which the attorney wrote Beshear expressing his opinion of the case, a copy of the letter having been attached to the motion to withdraw. We have no way of knowing that the district court did give any consideration to this letter. In any event, the attorney two months before the motion to dismiss was filed had announced in open court his intention to withdraw if the client did not authorize dismissal. Also this matter was first presented in this litigation in Beshear's reply brief and we do not find it to be a basis for reversal.

Trial courts may on occasion have a feeling that upon appellate review of their exercise of discretion homage is paid to the fact that reversal should occur only where it is clear that abuse of discretion has existed and thereafter the matter is decided upon the basis of how the reviewing judges would have ruled if they had been considering the case in the first place. We reject this *ab initio* concept if it does exist and adopt the standards collected in Particle Data Laboratories, Inc. v. Coulter Electronics, Inc., 420 F.2d 1174, 1178 (7th Cir. 1969):

"'Generally, an appellate court may set aside a trial court's exercise of discretion only if the exercise of such discretion could be said to be arbitrary.' Sears, Roebuck and Co. v. American Mutual Liability Insurance Co., 7 Cir., 372 F.2d 435, 438 (1967). '[D]iscretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.' Delno v. Market St. Ry. Co., 9 Cir., 124 F.2d 965, 967 (1942)."

Having considered this appeal in the light of these standards, we are satisfied that the district court did not abuse its discretion and we therefore affirm the judgment of dismissal.

Affirmed.

FAIRCHILD, Circuit Judge (concurring).

Plaintiff's counsel had been permitted to withdraw April 6 and plaintiff received a copy of the order. The pretrial conference for April 30 had previously been set, but there is no suggestion that plaintiff was ever notified. Under the circumstances a presumption that his counsel told him is unreasonable. Dismissal for failure to appear without notic of his duty to do so seems to me an abuse of discretion. I could agree, however, that because of the lack of diligence and other deficiencies in the motion to reinstate, the denial of that motion was not an abuse of discretion.