Lydia N. CORSO, Appeilant,

v.

COMMISSIONER OF EDUCATION, of
the State of Alaska, et al., Appellees.

No. 2870.

Supreme Court of Alaska.

April 25, 1977.

Julian L. Mason, Douglas B. Baily and
David Shimek, Anchorage, for appellant.

Ronald W. Lorensen and Avrum M.
Gross, Atty. Gen., Juneau, for appellees.

Before BOOCHEVER, Chief Justice, RA-
BINOWITZ, CONNOR and BURKE, Jus-
tices, and DIMOND, Justice Pro Tem.

## OPINION

DIMOND, Justice Pro Tem.

■ In January 1971 Lydia Corso com-
menced her action against appellees.[1] Ap-
proximately three years and eight months
later, the action was dismissed on the mo-
tion of the Attorney General for want of
prosecution under Civil Rule 41(b).[2] At the
end of another year, Ms. Corso filed a mo-
tion to set aside the order of dismissal un-
der Civil Rule 60(b).[3] After a hearing, the
motion was denied on January 2, 1976. Ms.

---

1. Appellees, the State Commissioner of Educa-
tion and others, were represented by the Attor-
ney General because of his position that this
action was, in effect, a suit against the State of
Alaska.

The complaint alleged that the State of Alaska,
through these employees, had violated the ap-
pellant's rights as a tenured teacher and em-
ployee of the State Operated School System,
and specifically that the appellees had unlaw-
fully terminated her employment and had de-
nied her certain administrative rights of re-
dress. The appellant further alleged that cer-
tain of these appellees had libeled her at vari-
ous times in connection with her termination,
and further that their actions constituted an
illegal conspiracy to deprive her of her rights as
a tenured teacher and to damage her personal-
ly. For each of these counts, the appellant

alleged substantial damages and requested rec-
ompense and punitive damages.

2. Civil Rule 41(b) provides in part:

For failure of the plaintiff to prosecute or to
comply with these rules or any order of
court, a defendant may move for dismissal of
an action or of any claim against him.

3. Civil Rule 60(b) provides in part:

On motion and upon such terms as are just,
the court may relieve a party or his legal
representative from a final judgment, order
or proceeding for the following reasons:
(1) mistake, inadvertence, surprise or excus-
able neglect;

.      .      .      .      .

(6) any other reason justifying relief from the
operation of the judgment.

Corso filed a motion for reconsideration of the January 2 order on January 8, 1976, and that motion was denied on March 3, 1976. On March 19, 1976, this appeal was taken from the denial of the motion to reconsider.

The rules in effect on January 2, 1976 did not provide for motions to reconsider.[4] Nor does a motion to reconsider, although now provided for in Civil Rule 77(m), extend the time for taking an appeal under Appellate Rule 7(a).[5] The appeal ought to have been taken from the order of January 2, 1976 denying the Rule 60(b) motion to set aside the order of dismissal. Since it was not taken until March 19, 1976, it was untimely.

■ Even if we were to relax the rule as to the time for taking an appeal, which we have the discretionary authority to do under Appellate Rule 46,[6] we find no basis for reversing the superior court's denial of the Rule 60(b) motion. In a case such as this, where an action has been dismissed for want of prosecution under Civil Rule 41(b), it is incumbent on the party seeking relief from the judgment of dismissal to show the existence of a meritorious claim.[7]

Such a showing was not made in this case. Ms. Corso's affidavit in support of her Rule 60(b) motion is confined mostly to facts regarding her unsuccessful efforts over the years to find counsel to represent her. It is true that her complaint does set forth in considerable detail her assertions that appellees had violated her rights as a tenured teacher, had wrongfully terminated her employment as a teacher, had made defamatory remarks about her mental condition and professional competence, and had conspired to drive her out of the teaching profession.

However, appellees, in their answer to the complaint, set out two affirmative defenses: (1) that Ms. Corso had failed to exhaust her administrative remedies under AS 14.20.180,[8] and (2) that this action, in effect, was one against the state and that the state's consent to be sued under AS 09.50.250 [9] did not encompass an action of this kind. As to these affirmative defenses, Ms. Corso made no showing at all that they would not serve to defeat her claim against appellees. In fact, at the hearing of the Rule 60(b) motion, counsel who represented

---

4. Effective March 1, 1976, Civil Rule 77(m) provides for motions to reconsider decisions in the trial court. *Miller v. McManus,* 558 P.2d 891, 892 n.1 (Alaska 1977).

5. Appellate Rule 7(a) provides in relevant part:

   (1) Appeals. The time within which an appeal may be taken to the supreme court is 30 days from the entry of the judgment appealed from.

   (4) *Motions That Terminate Time For Filing Appeal.* The running of the time for filing an appeal is terminated by a timely motion filed in superior court pursuant to those rules of civil procedure enumerated in this section, and the full time for appeal is computed from the entry of any of the following orders made on timely motions:

   [a] Granting or denying a motion for judgment under Civil Rule 50(b);

   [b] Granting or denying a motion to amend or make additional findings of fact under Civil Rule 52(b), whether or not an alteration of the judgment would be required if the motion is granted;

   [c] Granting or denying a motion to alter or amend a judgment under Civil Rule 59; or

   [d] Denying a new trial under Civil Rule 59.

6. Appellate Rule 46 provides:

   These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by this court where a strict adherence to them will work surprise or injustice.

   *See Bridges v. Alaska Housing Authority,* 349 P.2d 149, 155 [on petition for rehearing] (Alaska 1960).

7. *Beshear v. Weinzapfel,* 474 F.2d 127, 132 (7th Cir. 1973); 7 Moore's Federal Practice § 60.-27[1], at 351 (2d ed. 1975); 11 Wright and Miller, Federal Practice and Procedure § 2857, at 161 (1973). *See also Central Operating Co. v. Utility Workers of America,* 491 F.2d 245, 252 (4th Cir. 1974); *Universal Film Exchanges, Inc. v. Lust,* 479 F.2d 573, 576 (4th Cir. 1973); *Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir. 1970); *Madsen v. Bumb,* 419 F.2d 4, 6 (9th Cir. 1969).

8. AS 14.20.180 describes the administrative procedure, which includes a hearing, when a tenured teacher has been given a notice of dismissal or nonretention.

9. AS 09.50.250 delineates the kinds of actions which may be brought against the State of Alaska.

Ms. Corso[10] admitted that he knew nothing about the merits of her claim.

Ms. Corso had the obligation to show facts which, if established, might reasonably be said to have met the affirmative defenses of appellees and constituted a basis for her recovery against them.[11] A meritorious claim will not be inferred merely from the filing of a 60(b) motion or the prosecution of an appeal.[12]

Counsel for Ms. Corso contend that justice requires that the order denying relief under Rule 60(b) be reversed and that Ms. Corso's action be reinstated. A like contention was made in *Beshear v. Weinzapfel,* decided by the Court of Appeals for the 7th Circuit in 1973.[13] In speaking to that point, the court said:

> Beshear contends that 60(b) relief should be granted in accordance with equitable principles of justice. In our understanding, however, equity contemplates even and fair-handed balancing. To reinstate a cause of action without any real basis for thinking that there was merit to it would scarcely seem to be according equity to the defendants.[14]

This is particularly true here since Ms. Corso received the appellees' motion to dismiss under Civil Rule 41(b) in October 1974. One does not have to be an attorney to know that when a case is dismissed it will not be tried.[15] And yet, it was a year later before Ms. Corso sought relief from the dismissal under Rule 60(b).

There was certainly no abuse of discretion on the part of the superior court in denying that motion under these circumstances.[16] An abuse of discretion exists only when this court is left with the definite and firm conviction on the whole record that the trial judge has made a mistake.[17]

The appeal that Ms. Corso has taken in this case is not from the January 2, 1976 order denying relief under Rule 60(b) but is from the superior court's order of March 3, 1976, which denied her motion to reconsider the denial of January 2, 1976. Considering the motion to reconsider as a second Rule 60(b) motion, we find no semblance of any abuse of discretion by the superior court in denying that motion.

AFFIRMED.

ERWIN, J., not participating.

---

10. Counsel who represented Ms. Corso at the Rule 60(b) hearing was not the attorney who prepared the complaint, nor the attorneys who represent Ms. Corso on this appeal.

11. *Beshear v. Weinzapfel,* 474 F.2d 127, 132 (7th Cir. 1973).

12. *Id.* at 133.

13. *Id.*

14. *Id.*

15. *Id.*

16. When an appellate court reviews a trial court denial of a Rule 60(b) motion, the question presented is "whether the facts adduced on the motion for relief when brought to the attention of the [trial] court were of a sufficiency to make the denial of the motion an abuse of discretion". *Beshear v. Weinzapfel,* 474 F.2d 127, 131 (7th Cir. 1973).

17. *Alaska Placer Co. v. Lee,* 502 P.2d 128, 132 (Alaska 1972), quoting *Gravel v. Alaskan Village Inc.,* 423 P.2d 273, 277 (Alaska 1967).