929 F.2d 703
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joginder Singh CHADA, an individual, doing business as Mags
Imports and Sun Keung Cheung, also known as Mike Cheung, an
individual, doing business as Novelties Distributors,
Plaintiffs-Appellants,
v.
OLYMPIA, a Wisconsin Limited Partnership, Larry Pearson,
Walter Offinger, Jr., Offinger Management Company,
Incorporated and David Bunker,
Defendants-Appellees.
 No. 89-3257.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 24, 1990.
Decided April 3, 1991.
 
 Appeal from the States District Court for the Eastern District of Wisconsin, No. 88 C 557, Robert W. Warren, Chief Judge.
 E.D.Wis.
 VACATED AND REMANDED.
 Before CUMMINGS, WOOD, JR. and RIPPLE, Circuit Judge.
 
 ORDER
 
 1
 Joginder Singh Chada and Sun Keung Cheung appeal the district court's denial of their motion to vacate a judgment of dismissal. For the following reasons, we vacate the judgment of the district court and remand for further proceedings.
 
 
 2
 * BACKGROUND
 
 
 3
 Appellants brought this diversity action in district court on February 25, 1988.[1] They sought monetary damages to compensate them for loss of jewelry that allegedly was stolen from a storage room at a gift show. We summarize the relevant aspects of the action's procedural history in the following paragraphs.
 
 
 4
 The original complaint failed to seek any relief on behalf of Mr. Chada. Consequently, defendant Offinger moved to dismiss that plaintiff from the action and sought Rule 11 sanctions against plaintiffs' counsel. The motion for sanctions was treated as moot after plaintiffs filed an amended complaint. At a status conference held on September 12, 1988, the district court ordered counsel for the plaintiffs to supply all parties with a copy of the amended complaint within a week. The court also informed one of the attorneys representing the plaintiffs that he must seek admission to practice in the district. Plaintiffs' other counsel was made aware of this requirement through a letter from the district court.
 
 
 5
 The amended complaint was not provided in a timely fashion, nor did either of plaintiffs' counsel seek admission to practice before the local court. In addition, a number of delays marred the discovery process. For example, one of plaintiffs' counsel was forty-five minutes late for a deposition, and counsel canceled the deposition of Mr. Cheung, a resident of California, three times. Plaintiffs were tardy in filing responses to interrogatories, thus violating local court rules. Citing "this record of dilatory actions, or lack of action," the court on February 6, 1989 granted a motion for discovery sanctions and a motion for expenses incurred in bringing a motion to compel discovery.[2] R. 64 at 18. The court ordered plaintiffs' counsel to pay $750 within thirty days.[3] At the same time, the court scheduled the next status conference for March 6, 1989.
 
 
 6
 Neither of plaintiffs' counsel appeared at the March 6 status conference. Counsel for the various defendants moved for dismissal at the conference. The district court granted the motion to dismiss, and a one-paragraph judgment was entered the same day:
 
 
 7
 It is ordered and adjudged that in light of plaintiff's counsel's continuing failure to comply with Court orders, including gaining admission to practice in this district, paying sanctions previously imposed by this Court, failing to pay agreed expenses and failing to attend Court hearings, and upon motions of all appearing defendants for dismissal with prejudice and costs, it is ordered and adjudged that this action be dismissed with prejudice and with costs.
 
 
 8
 R.73.
 
 
 9
 On March 14, 1989, pursuant to Federal Rules of Civil Procedure 55(c) and 60(b), plaintiffs filed a motion to vacate the judgment. In an accompanying affidavit, one of plaintiffs' counsel indicated that he had inadvertently docketed the March 6 status conference for March 16 and that all requested discovery items had been produced. He also asserted that "Plaintiff's [sic] have a just and meritorious claim as set forth in their complaint." R.76 at 1. The district court denied appellants' motion to vacate on October 6, 1989. The court pointed to counsel's failure to attend the March 6 status conference as part of the justification for the original dismissal. R.91 at 2 (citing Fed.R.Civ.P. 16(f), 37(b)(2)(C); Beshear v. Weinzapfel, 474 F.2d 127 (7th Cir.1973)).[4] Furthermore, the court concluded that
 
 
 10
 [p]laintiffs' counsel's attempts to explain his continued failure to gain admission to practice before this Court, refusal to pay court sanctions and agreed expenses on time, and failure to attend other court proceedings are inadequate. His affidavit and reply brief in support of this motion do not reach the standard of "excusable neglect" under Rule 60(b).... Apparently, [plaintiffs' counsel] has not paid the court reporter who has taken the depositions in this case. The defendants' time has been wasted chasing after plaintiffs' counsel to pay sanctions and deposition expenses.
 
 
 11
 Id. at 2-3. This appeal followed.
 
 II
 ANALYSIS
 A. Standard of Review
 
 12
 We review a district court's dismissal of appellants' action for abuse of discretion.[5] "The district court's decision must strike us as fundamentally wrong for an abuse of discretion to occur." Anderson v. United Parcel Serv., 915 F.2d 313, 315 (7th Cir.1990). The reviewing court must take account of "the procedural history and the status of the case at the time of the dismissal." Del Carmen v. Emerson Elec. Co., 908 F.2d 158, 162 (7th Cir.1990). As this court has noted, "dismissal is particularly disfavored with relatively young cases." Id. at 163 (citing Webber v. Eye Corp., 721 F.2d 1067, 1070 (7th Cir.1983)).[6]
 
 
 13
 When parties appeal from denial of a motion to vacate rather than directly from a dismissal of their action, we also apply an abuse of discretion standard. Id. at 161. "[A]lthough the appeal of the denial of the Rule 60(b) motion primarily challenges the district court's decision denying relief from judgment, it also asserts a challenge to the merits of the underlying dismissal necessitating review of the underlying judgment, albeit narrower review." Id. at 161-62.[7] We may not substitute our judgment for that of the district court; rather, we may reverse a denial of a motion to vacate only "if the judge relied on forbidden factors or omitted to consider some important relevant factor." Tolliver v. Northrop Corp., 786 F.2d 316, 319 (7th Cir.1986).
 
 
 14
 Such deferential review is appropriate in cases that reflect the inherent authority of district courts to control their dockets. Because district court dockets are crowded, it is understandable that judges will use the ultimate sanction of dismissal to punish dilatory conduct or uncooperative conduct by attorneys. See National Hockey League v. Metropolitan Hockey League Club, Inc., 427 U.S. 639, 643 (1976) (per curiam) ("the most severe in the spectrum of sanctions ... must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent"). At the same time, we must recognize that deferential review does not mean the absence of meaningful review. "The well-established public policy favoring hearing cases on the merits, dictates that where ... a clear record of dilatory conduct prior to the dismissal is lacking, the district court's denial of the Rule 60(b) motion is an abuse of discretion." Del Carmen, 908 F.2d at 163.
 
 B. Application to This Case
 
 15
 This case is a difficult one. On the record before us, the evidence of alleged delay and lack of cooperation does not appear as egregious as in many cases presented to this court.[8] The district court dismissed this case less than thirteen months after the initial complaint was filed and less than ten months after it was transferred to the Eastern District. In the interim, plaintiffs had filed an amended complaint, conducted a considerable amount of discovery, stipulated to the dismissal of the action against one of the defendants, and successfully resisted motions for summary judgment brought by three of the defendants. Although the path on which plaintiffs and their counsel were traveling was not altogether smooth, they appear to have been moving forward. It is by no means clear that the case was threatening to become "a repeat of the precedent in Jarndyce v. Jarndyce." Anderson v. United Parcel Serv., 915 F.2d 313, 315 (7th Cir.1990). At the same time, if the record entirely supported assertions made by the appellees, a dismissal of the action possibly might be sustained under the abuse of discretion standard.
 
 
 16
 Unfortunately, record support for the district court's conclusions is not unambiguous. Despite the reference to missed "hearings" in the March 6 dismissal judgment and to missed "proceedings" in the October 6 denial of the motion to vacate, nothing in the record before us indicates that plaintiffs' counsel missed any court proceeding other than the March 6 status conference itself.[9] Nonetheless, even a single missed court proceeding might justify dismissal if " 'there exists a clear record of delay or contumacious conduct or when less drastic sanctions have proven ineffective.' " Lowe v. City of East Chicago, 897 F.2d 272, 274 (7th Cir.1990) (quoting Roland v. Salem Contract Carriers, Inc., 811 F.2d 1175, 1177 (7th Cir.1987) (citations omitted)). Admittedly, less drastic sanctions had been attempted in this case. They had not, however, clearly proven ineffective. Monetary sanctions had been imposed. In dismissing the action, the district court apparently believed that these sanctions had not been paid. However, it appears that the court's own deadline had not yet passed.[10] The district court had ordered the sanctions on February 6, 1989, giving counsel thirty days from that date to pay the sanctions. According to Federal Rule of Civil Procedure 6(a), "[i]n computing any period of time prescribed ... by order of court, ... the day of the act, event, or default from which the designated period of time begins to run shall not be included." Therefore, the sanctions were due no later than March 8, 1989, the day that two of the three required payments were received--and two days after the court dismissed the action.
 
 
 17
 It is true that, by the time the court ruled on the motion to vacate, it probably was aware that one of the three sanctions checks had not been received on time. However, "[i]n determining whether relief from judgment was warranted in this case, it was incumbent upon the district court to consider whether the record at the time of dismissal supported the imposition of such a severe sanction on the plaintiff[s]." Del Carmen v. Emerson Elec. Co., 908 F.2d 158, 163 (7th Cir.1990). If we are correct that the March 6 dismissal was based in large part on a miscalculation of the due date of the sanctions, then, on remand, the district court may find it reasonable to credit appellants' counsel's explanation of the delay regarding the third check. On the record before us, it is difficult to conclude that there is any actual evidence that, as the court recited in the denial of the motion to vacate, plaintiffs' counsel "refuse[d] to pay court sanctions ... on time." R.91 at 2 (emphasis supplied).
 
 
 18
 The district court also based the dismissal and the denial of the motion to vacate in part on the failure of plaintiffs' counsel to apply for admission to practice before the district court. In this appeal, appellants' counsel explained that they believed the court's original order to apply for admission simply meant that they must be admitted by the time of trial. This failure by counsel--even when combined with failure to attend a single status conference--may not provide an adequate basis for the judgment of dismissal. See Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241, 247-48 (5th Cir.1980). On remand, the district court must determine carefully whether the remainder of this case's litigation history demonstrated a sufficiently clear record of delay, contumacious conduct, or failed sanctions to justify the harsh sanction of dismissal. See Del Carmen, 908 F.2d at 163.
 
 Conclusion
 
 19
 For the foregoing reasons, the judgment of the district court is vacated and the cause is remanded for further proceedings consistent with this order.
 
 VACATED AND REMANDED
 
 
 [1]
 The complaint was filed in the Northern District of Illinois but was transferred to the Eastern District of Wisconsin in May 1988. Defendant Olympia was originally designated as Scotsland Partnership. The defendants also originally included the Waukesha County Sheriff's Department and the City of Oconomowoc. On February 6, 1989, the district court dismissed without prejudice the two counts involving the Sheriff's Department. By stipulation, the action against the City was dismissed on the merits on March 6, 1989. Neither the Sheriff's Department nor the City participated in this appeal
 
 
 [2]
 Based on plaintiffs' counsel's assertion that the requested discovery items had been produced, the court treated the motion to compel as moot. The court also denied motions for summary judgment, one brought by defendants Offinger and Offinger Management and the other, by defendant Bunker
 
 
 [3]
 Plaintiffs' counsel were ordered to pay $500 in discovery sanctions sought by defendants Offinger and Offinger Management, $200 in expenses incurred by defendants Olympia and Pearson in bringing the motion to compel, and $50 to the court's pro bono fund for violation of local rules
 
 
 [4]
 Rule 16(f) authorizes district courts to impose sanctions for failure "to obey a scheduling or pretrial order" or for failure to appear "on behalf of a party at a scheduling or pretrial conference." Among the available sanctions are those authorized by Rule 37(b)(2)(C), including dismissal of the action
 
 
 [5]
 See, e.g., National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976) (per curiam) (dismissal as discovery sanction under Federal Rule of Civil Procedure 37); Anderson v. United Parcel Serv., 915 F.2d 313, 315 (7th Cir.1990) (dismissal, under Federal Rules of Civil Procedure 16(f) and 37(b), as sanction for dilatory behavior); Beshear v. Weinzapfel, 474 F.2d 127, 130 (7th Cir.1973) (dismissal for failure to attend scheduled pretrial conference)
 
 
 [6]
 The time between filing and dismissal was nine months in Del Carmen, 908 F.2d at 163, and 18 months in Webber, 721 F.2d at 1070; see also id. (citing cases). The age of the case is only one of the factors we must evaluate in determining whether the district court abused its discretion. Under appropriate circumstances, this court will affirm a dismissal of relatively young cases. See Lockhart v. Sullivan, No. 90-1232, slip op. at 8 (7th Cir.Feb. 19, 1991) (to be reported at 925 F.2d 214)
 
 
 [7]
 Cf. Foman v. Davis, 371 U.S. 178, 181 (1962) (appeal from denial of motion to alter or amend judgment or to vacate judgment may be treated as appeal from underlying judgment if appellee is not misled or prejudiced)
 
 
 [8]
 See, e.g., Anderson v. United Parcel Serv., 915 F.2d 313 (7th Cir.1990) (21-month-old case dismissed after delays that included filing pretrial order on the date originally scheduled for trial and failing to file amended pretrial order expressly requested by district court)
 
 
 [9]
 Plaintiffs were represented jointly by two attorneys, one of whom did attend the status conference of September 12, 1988. The record indicates no other court hearing until March 6, 1989, the date of the dismissal. Although plaintiffs' counsel did cancel one of their client's depositions three times, the record does not indicate that any of the scheduled meetings was ordered by the court
 
 
 [10]
 In this appeal, we have pieced together the apparent chronology of payment of the court-imposed sanctions (and other expenses mentioned in the district court dismissal judgment and denial of the motion to vacate) from a series of letters sent to the district court by counsel for both plaintiffs and defendants. These letters were made part of the record on appeal by order of the district court
 Plaintiffs' counsel issued three checks to pay the sanctions ordered by the district court on February 6. A check for $200 was received on March 8, 1989 by the firm representing defendants Olympia and Pearson. The court received its $50 check the same day. The third check was not received by the firm representing defendants Offinger and Offinger Mangement until March 24, 1989. Plaintiffs' counsel apparently had misaddressed the envelope containing the third check; it was returned to his office on March 21, 1989 and remailed the next day.
 Defendants filed two responses to the motion to vacate, both of which alluded to the assertion in the default judgment that plaintiffs had failed to pay agreed expenses. Neither response gave any indication what agreed expenses the court had been referring to in its March 6 judgment. It appears that counsel for defendants Offinger and Offinger Management had informed the court at the March 6 status conference that plaintiffs had not yet paid expenses of a January 17, 1989 deposition. These expenses were paid on March 20, 1989. They would appear to be "the agreed expenses" cited by the district court in its dismissal judgment.
 Finally, in a letter dated April 6, 1989, counsel for defendants Offinger and Offinger Management notified the court that plaintiffs' counsel allegedly had not paid the court reporter for deposition expenses. This letter would appear to be the basis for the reference in the denial of the motion to vacate to the court reporter's unpaid fees.