John C. KEEGEL et al., Appellees,

v.

KEY WEST & CARIBBEAN TRADING
COMPANY, INC., et al., Appellants.

No. 79–1616.

United States Court of Appeals,
District of Columbia Circuit.

Argued Dec. 19, 1979.

Decided May 2, 1980.

Miles P. Kauffman, Washington, D.C., for appellees.

Peter R. Kolker, Washington, D.C., with whom Judith K. Munger, Washington, D.C., was on brief, for appellants.

Before ROBINSON and MIKVA, Circuit Judges, and MARKEY *, Chief Judge of the United States Court of Customs and Patent Appeals.

Opinion for the court filed by Chief Judge MARKEY.

MARKEY, Chief Judge:

Defendants Key West & Caribbean Trading Company (Key West) and its president, Boyd Morrow, appeal from a default judgment in favor of plaintiff John Keegel, et al. (Keegel). We reverse and remand.

## BACKGROUND

Keegel filed a complaint against Key West and Morrow on August 31, 1978 seeking rescission, restitution, compensatory damages, and interest, for alleged fraud, breach of contract, and violations of state and federal securities laws. After two attempts at service had failed, a court-appointed special process server succeeded in personally serving Key West and Morrow

* Sitting by designation pursuant to 28 U.S.C.
§ 293(a) (1976).

on December 27, 1978. Under Rule 12(a), Fed.R.Civ.P., answer was due within 20 days. No answer had been filed as of the due date.

Settlement negotiations followed on the heels of the December 27, 1978 service. On February 1, 1979, Miles Kauffman, counsel for Keegel, wrote Morrow. Noting that defendants were not represented by counsel, Kauffman (1) reiterated his agreement to request continuance of a scheduled February 2 status hearing to complete settlement, (2) reaffirmed Keegel's willingness to settle if $10,000 were tendered by March 5, 1979, (3) stated that, if settlement failed, defendants would have until March 15, 1979 to file answer, and (4) agreed not to seek default judgment before March 15, 1979.

Noting defendants' absence from the February 2 status hearing, and defendants' failure to retain counsel or file answer, the court refused a continuance and directed Kauffman to file for default. To Kauffman's representation that settlement might occur within thirty days, the court responded that default would "facilitate settlement." [1] Kauffman did not inform the court of his having told defendants they had until March 15 to file answer, or of his agreement not to seek default judgment before that date, although he did note for the record that he had agreed with the defendant to request a continuance.

Defendants retained counsel. On February 22, 1979, unaware of the default, counsel filed a proposed answer and motion for extension of time to answer. The court issued an order to show cause why default judgment should not be entered. Defendants moved to set aside the default. Following a hearing on defendants' motion, the court issued memorandum and orders denying defendants' motion and their subsequent motion for reconsideration, and granting Keegel's Application for Judg-

ment on Default for $10,060.[2] Defendants appealed.

## DISTRICT COURT

In its memorandum with the order denying the motion to set aside, the court attributed the default to defendants' "personal inaction" and "neglect" in not engaging counsel sooner, defendants having known the suit was imminent long before the complaint was filed. Taking a "dim view" of the parties' attempt to extend the time for answering, considering that action an improper usurpation of the court's function, the court concluded that defendants "had ample notice and opportunity to respond" to the complaint and thus were "not a surprised party upon whom a default judgment would be particularly harsh."

## ISSUE

The sole issue is whether the district court erred in denying defendants' motion to set aside the default.

## OPINION

█ Rule 55(c), Fed.R.Civ.P., provides in relevant part: "For good cause shown the court may set aside an entry of default * * *." Though the decision lies within the discretion of the trial court, *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969), *Provident Security Life Ins. Co. v. Gorsuch*, 323 F.2d 839, 842 (9th Cir. 1963), *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951), exercise of that discretion entails consideration of whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious, *Medunic v. Lederer*, 533 F.2d 891, 893 (3d Cir. 1976), *Thorpe v. Thorpe*, 364 F.2d 692, 694 (D.C. Cir.1966), *Erick Rios Bridoux v. Eastern Air Lines, Inc.*, 214 F.2d 207, 210 (D.C.Cir.1954), *Tozer v. Charles A. Krause Milling Co.*, *supra* at 244–46. An abuse of discretion

---

1. The court also said Key West and Morrow could "come back and get the case refiled—without prejudice," apparently mistaking those parties for plaintiffs in the action.

2. The court fixed damages solely on memoranda from the parties. In view of our decision, we need not consider whether the court erred in refusing a hearing on damages.

need not be glaring to justify reversal, modern federal procedure favoring trials on the merits. *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepte*, 432 F.2d 689, 691 (D.C.Cir.1970); *Thorpe v. Thorpe, supra* at 694; *Erick Rios Bridoux v. Eastern Air Lines, supra* at 210.

Consideration of the listed criteria is not reflected in the district court's memorandum. Absence of record indication that proper standards were applied in refusing to set aside a default has been held sufficient in itself to warrant reversal. *Medunic v. Lederer, supra.* We need not, however, decide this case on that limited basis.

■ The "willful" criterion appears lacking. Amid ongoing settlement negotiations, Kauffman assured Morrow that no answer need be filed until March 15. Kauffman, an attorney, had dealt with Morrow, a layman, since April, 1978, and knew that Morrow was without counsel. Under those circumstances, there was no willfulness in Morrow's failure to answer in good faith reliance on Kauffman's assurances.[3] Keegel's suggestion that Morrow intentionally evaded service of process, even if true, is insufficient to make defendants' failure to answer willful. No obligation to answer arose until after service was effected.

The "prejudice" to plaintiff criterion is also lacking. Kauffman's February 1 letter evidenced Keegel's willingness to accept as timely an answer filed by March 15, 1979. Defendants filed their proposed answer on February 22, 1979. That setting aside the default would delay satisfaction of plaintiffs' claim, should plaintiffs succeed at tri-

al, is insufficient to require affirmance of the denial. *Tozer v. Charles A. Krause Milling Co., supra* at 246; *Erick Rios Bridoux v. Eastern Air Lines, supra* at 209.

The "absence of meritorious defense" criterion is also lacking. Likelihood of success is not the measure. Defendants' allegations are meritorious if they contain "even a hint of a suggestion" which, proven at trial, would constitute a complete defense. *Moldwood Corp. v. Stutts, supra* at 352; *Tozer v. Charles A. Krause Milling Co., supra* at 244. In their proposed answer, defendants here alleged lack of subject matter jurisdiction and denied any misrepresentations, fraudulent acts, or securities law violations. Though somewhat broad and conclusory, those allegations adequately meet the meritorious defense criterion for setting aside the default.[4]

In sum, on the record before us, the default was not willful, plaintiff would not be prejudiced if it were set aside, and defendants alleged a meritorious defense. There being no reason to deny defendants a trial on the merits, an abuse of discretion occurred in the refusal to set aside the default.

The district court's concern over an apparent attempt to usurp control of the court's docket is fully understandable. When justice is denied by delay to so many, the administration of justice demands the praiseworthy close control and supervision of its crowded docket intended here by the district court. It is clear that courts cannot surrender or shift that responsibility. Mere agreements of counsel or parties cannot alone be sufficient to waive the timeliness

---

3. *Compare Provident Security Life Ins. Co. v. Gorsuch, supra* at 842–43 *with Madsen v. Bumb*, 419 F.2d 4, 5 (9th Cir. 1969). In *Provident*, the court reversed the denial of a set-aside motion, noting that the failure to answer timely was caused by defendant's erroneous but good faith belief that his summary judgment motion extended the time for answering. In *Madsen*, the same court affirmed a denial of a motion to set aside, sharing the district court's disbelief of defendant's claim that plain-

tiff's counsel had given an extension of time to answer.

4. That the answer did not have the verification required by Local Rule 1–9(g), D.D.C. R. 1–9(g), will not, under the present circumstances, preclude consideration of whether defendants alleged a meritorious defense. We are not faced with a case in which the court could conclude that the defense is entirely without merit in view of facts as to which there is no genuine

requirements of the Federal Rules. *See Link v. Wabash R.R.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962).[5] But, as above indicated, courts also " 'universally favor trial on the merits.' " *Erick Rios Bridoux v. Eastern Air Lines, supra* at 210 (quoting *Manos v. Fickenscher,* 62 A.2d 791, 793 (D.C.Mun.App.1948)). The assurances upon which defendants relied were part of and grew out of settlement negotiations, a dispute-resolving mechanism the courts seek to encourage. Settlement having failed, the interests of justice in this case would be ill-served by resort to a procedural device that would unfairly or unnecessarily foreclose resolution of the dispute on its merits. As above indicated, the most certain safeguard lies in application of the three listed criteria to motions to set aside defaults.

Accordingly, we reverse the orders entering judgment for Keegel and denying defendants' motion to set aside the default, and remand with directions to grant defendants' motion to set aside the default.

issue. *See Thorpe v. Thorpe, supra* at 694 & n. 4; Fed.R.Civ.P. 56.

5. In *Link,* the district court dismissed the action when plaintiff's counsel inexcusably failed to appear at a pretrial conference. The Supreme Court affirmed, finding the dismissal well within the court's permissible discretion in light of a lengthy history of procrastination on plaintiff's part. 370 U.S. at 628–629 & n. 2, 633, 82 S.Ct. at 1387–88 & n. 2, 1390. *Link* thus firmly established the trial court's power to protect its docket against a plaintiff's dilatory tactics. The court also has authority to order defaults and default judgments when a defendant is a similarly erring party. Fed.R.

Civ.P. 55. Once a dismissal or a default judgment has been entered, however, the adversely affected party may move the court for its reopening under Rule 60(b), an avenue not pursued in *Link* itself. 370 U.S. at 632, 82 S.Ct. at 1389. And in the instant case, the court was asked to set aside an entry, not a final judgment, of default. As stated in the text, Rule 55(c) sanctions that course "[f]or good cause shown," a standard calling for an exercise of the court's discretion, and thus a less rigid and more liberal attitude than Rule 60(b) allows. 10 C. Wright & A. Miller, Federal Practice § 2694 (1973).