**STANDARD ENTERPRISES, INC., Plaintiff,**

v.

**BAG–IT, INCORPORATED, Defendant.**

**No. 86 Civ. 6746 (RWS).**

United States District Court, S.D. New York.

Feb. 18, 1987.

Felcher & Felcher, New York City, for plaintiff; by Howard B. Felcher, of counsel.

Rubin & Hay, P.C., Framingham, Mass., Parker & Duryee, New York City, for defendant; by Rodney E. Gould and A. George Koevary, of counsel.

SWEET, District Judge.

The defendant Bag-It, Inc. ("Bag-It") seeks to reopen a default judgment pursuant to Fed.R.Civ.P. 60(b).

Plaintiff Standard Enterprises, Inc. ("Standard") is a New York corporation which has its principal place of business in New York. Standard sued Bag-It, a Massachusetts corporation which has its sole place of business in Massachusetts, for money owed for the sale of plastic bags delivered by Standard but never paid for. A default judgment in Standard's favor was entered on October 6, 1986.

Bag-It has moved to vacate the judgment on the grounds that service was improper under Fed.R.Civ.P. 4, and, alternatively, on the grounds of excusable neglect pursuant to Fed.R.Civ.P. 60(b). Argument was heard in this court on November 14, 1986. For the reasons set forth below, Bag-It's application is granted.

Rule 60(b) is its strongest in the context of setting aside default judgments:

> The cases calling for great liberality in granting Rule 60(b) motions, for the most part, have involved default judgments. There is much more reason for liberality in reopening a judgment when the merits of the case never have been considered than there is when the judgment comes after a full trial on the merits.

C. Wright & A. Miller, 11 *Federal Practice and Procedure* § 2857, at 160 (1973) (footnote omitted). As the Second Circuit has said:

> This court has never hesitated to reverse the denial of a motion to vacate a default judgment where further factfinding was necessary to ensure that substantial justice was served.... "[T]he extreme sanction of a default judgment must remain a weapon of last, rather than first, resort," which should only be imposed "upon a serious showing of willful default."

*Davis v. Musler*, 713 F.2d 907, 916 (2d Cir.1983) (citations omitted).

■ The text of Rule 60(b)(1) provides: "On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for ... mistake, inadvertence, surprise, or excusable neglect...." The Second Circuit has construed this language to include three tests: "(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted." *Davis*, 713 F.2d at 915. Procedurally, on a motion for relief for an entry of a default judgment, doubts are resolved in favor of those seeking relief. *Id.; Jackson v. Beech*, 636 F.2d 831, 836 (D.C.Cir.1980).

■ Given the affidavit submitted by Bag-It, Bag-It's default cannot be properly deemed "willful." Bag-It routinely receives a large volume of junk mail which, according to the company president, it sometimes let sit unopened for as long as a month. Apparently, Standard's complaint languished in this pile from September 5, 1986, the date on which Bag-It received the envelope containing the complaint, until October 7, 1986, the date the envelope was opened. Immediately upon opening the envelope and learning that it had been sued, Bag-It called its lawyers. The next day, October 8, Bag-It's counsel contacted Standard's to request an extension of time to answer or move, and was informed that a default judgment had already been entered.

Bag-It's actions can certainly be deemed careless and negligent, but it would be going too far to call the default "willful," particularly given the dispatch with which Bag-It and counsel acted once they finally learned that Bag-It was being sued.

■ With regard to the second prong, that of meritorious defense, "a defendant seeking to vacate a judgment need not conclusively establish the validity of the defense(s) asserted." *Id.* at 916. The *Davis* court relied on *Keegel v. Key West & Caribbean Trading Co.,* 627 F.2d 372, 374 (D.C.Cir.1980), to establish this proposition. According to *Keegel,* "Defendants' allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." *Id.* (citations omitted).

Bag-It's defense is that this court lacks *in personam* jurisdiction over it, which, if true, would constitute a complete defense. In support of its contention, Bag-It says it has never done any business in New York. According to Bag-It, the merchandise which is the subject of this litigation was manufactured in Brazil by a Brazilian company, and Bag-It did not order the merchandise from Standard, but rather from Pine Associates, another Massachusetts company. Bag-It says its only contacts with Standard were phone calls made from Massachusetts to Standard at Standard's 800 toll-free telephone number. The phone calls were made upon the advice of Pine Associates and occurred when long overdue merchandise ordered by Bag-It—which was to be shipped directly to Bag-It from Brazil—had not arrived.

Long though it may be, the reach of New York's "longarm" statute, New York CPLR § 302(a)(1), "does have its limits." *American Contract Designers, Inc. v. Cliffside, Inc.,* 458 F.Supp. 735, 739 (S.D.N.Y.1978). The New York Court of Appeals has held that § 302 jurisdiction does not apply in "the situation where a defendant merely telephones a single order from outside the state." *Parke-Bernet Galleries v. Franklyn,* 26 N.Y.2d 13, 17, 308 N.Y.S.2d 337, 340, 256 N.E.2d 506, 508 (1970); *M. Katz & Son Billiard Products v. G. Correale & Sons,* 20 N.Y.2d 903, 285 N.Y.S.2d 871, 232 N.E.2d 864 (1967); *see also Beacon Enterprises, Inc. v. Menzies,* 715 F.2d 757, 766 (2d Cir.1983) (collecting cases). Consequently, Bag-It's alleged defense meets the second prong of the test. *Cf.*

*Keegel,* 627 F.2d at 374 (alleged defense includes lack of subject matter jurisdiction).

■ As to the third prong, prejudice to Standard, the delay caused simply by re-opening a judgment does not itself constitute prejudice. *Davis,* 713 F.2d at 916. To be prejudicial, delay must cause the loss of evidence, create discovery difficulties, or increase opportunities of fraud and collusion. *Id.* Here the default judgment was entered on October 6. On October 8, Bag-It's counsel for the first time contacted Standard's, and after negotiations between counsel established that the judgment would not be opened voluntarily (October 16), Bag-It promptly filed a notice of motion to set aside the judgment. Standard has made no showing that it would be prejudiced.

For the foregoing reasons, the default judgment will be set aside. Because of the court's disposition on the grounds of Fed. R.Civ.P. 60(b), it is not necessary to reach the issue of improper service.

Submit order on notice.

**IT IS SO ORDERED.**