Douglas L. Johnson, WMATA, Washington, D.C., for defendant.

**Brenda B. FORD, Plaintiff,**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Defendant.**

**Civ. A. No. 85–1444 SSH.**

United States District Court, District of Columbia.

April 12, 1990.

### MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendant's motion to dismiss the case for lack of prosecution. Upon consideration of the motion, plaintiff's opposition thereto, and the entire record herein, the Court grants defendant's motion.

#### Background

The case was commenced with the filing of the complaint on May 6, 1985, and, despite its relatively simple nature, it has had

a history of delay.[1]  On May 30, 1985, with the filing of its answer, defendant propounded a set of interrogatories.  At a status call held on July 1, 1985, the Court granted plaintiff a 30–day extension to respond to defendant's interrogatories.  Despite the fact that plaintiff never requested a further extension, responses to the interrogatories were not filed until February 5, 1986.

On October 6, 1986, the Court issued an Order granting plaintiff's motion to cancel the scheduled pretrial and trial, because "unresolvable differences" between plaintiff and her then-counsel led to counsel's withdrawal from the case.  After plaintiff's new counsel entered an appearance, the Court held a status call at which time it extended the discovery period and set new pretrial and trial dates.  At a pretrial conference held on April 2, 1987, the Court granted defendant's oral motion for an indefinite continuance of the trial date pending the filing and resolution of a dispositive motion.

On April 1, 1988, the Court denied defendant's motion for summary judgment.  At a status call held on April 21, 1988, the Court extended discovery and set new pretrial and trial dates.  Upon defendant's motion, discovery was again extended, and on July 29, 1988, defendant filed a request for the production of documents.  When plaintiff did not produce the requested documents, defendant filed a motion to compel their production, or, in the alternative, to strike witnesses, exhibits, and testimony.  At a status call held on February 17, 1989, the Court again extended discovery and continued the trial date, warning plaintiff that failure to comply with discovery could result in dismissal of the action for failure to prosecute under Local Rule 211.  The Court denied defendant's motion to compel without prejudice to renew, relying on the good faith of plaintiff's counsel, as well as on its warning that the case would be dismissed.  To date, plaintiff has neither produced the documents, nor provided the Court with an acceptable explanation as to why the documents were not produced.

At a status call held on August 10, 1989, the Court, at defendant's request, ordered plaintiff to file her expert witness statements pursuant to Federal Rule of Civil Procedure 26(b)(4).  To date, plaintiff has not filed any 26(b)(4) statements, despite the fact that she listed several expected expert witnesses in her pretrial statement.  Again, plaintiff has not provided the Court with an adequate explanation for her failure to produce the statements.  Defendant filed this motion to dismiss on March 2, 1990.

### Discussion

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."  *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).  Federal Rule of Civil Procedure 41(b) states:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.

Likewise, Local Rule 211 states that "[a] dismissal for failure to prosecute may be ordered by the court upon motion by an adverse party, or upon the court's own motion."  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link*, 370 U.S. at 630, 82 S.Ct. at 1388.  Whereas a single act of misconduct does not usually warrant a dismissal, *Trakas v. Quality Brands, Inc.*, 759 F.2d 185, 188 (D.C.Cir.1985), dismissal is justified where, as in this case, despite the Court's warnings, the plaintiff has followed a pattern of "protracted neglect." *Jackson v. Washington Monthly Co.*, 569 F.2d 119, 121 (D.C.Cir.1977); *see also Ames*

---

**1.**  The complaint alleges that on March 9, 1984, plaintiff slipped and fell on ice which defendant had negligently allowed to accumulate on the sidewalk at the Silver Spring Metrorail and Metrobus station.  She further alleges that as a result of the fall she sustained severe injuries to her back.

*v. Standard Oil Co. (Indiana)*, 108 F.R.D. 299, 302 (D.D.C.1985).

In addition, under Federal Rule of Civil Procedure 37(b)(2)(C), the Court properly may dismiss a case if a party fails to respond to interrogatories or requests for the production of documents pursuant to Rules 33 and 34. Indeed, Rule 37 "permits immediate sanctions against parties for wilful failure to comply with discovery rules." *Fox v. Studebaker–Worthington, Inc.*, 516 F.2d 989, 993 (8th Cir.1975). The imposition of dismissal as a discovery sanction must be based on " 'willfulness, bad faith, or ... fault' on the part of the plaintiff." *Founding Church of Scientology v. Webster*, 802 F.2d 1448, 1458 (D.C.Cir.1986) (quoting *Societe Internationale v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255 (1958)), *cert. denied*, 484 U.S. 871, 108 S.Ct. 199, 98 L.Ed.2d 150 (1987). Furthermore, a court should consider the deterrent effect of sanctions on delay and abuse of the discovery process during an era of overcrowded dockets and precious few judicial resources. *Founding Church*, 802 F.2d at 1458; *see also National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 ("[H]ere, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."), *reh'g denied*, 429 U.S. 874, 97 S.Ct. 197, 50 L.Ed.2d 158 (1976).

■ In her opposition to defendant's motion to dismiss, plaintiff provides the Court with several examples of instances in which plaintiff did provide discovery and did cooperate in the course of the litigation. The Court would remind plaintiff that it is her obligation to cooperate and to provide discovery, and that this obligation extends throughout the course of the litigation. In short, plaintiff's limited compliance with the Federal Rules and her apparent disregard for this Court's warning warrant this dismissal, despite the fact that she complied with some discovery requests.

Plaintiff also seems to argue that the documents defendant requested merely contained information that was already available to defendant through answers plaintiff provided to interrogatories. It is not for plaintiff to decide how defendant should conduct its case or in what form the information provided should be. If plaintiff in good faith believed that defendant's discovery requests were repetitious or otherwise objectionable, she should have filed her timely objections pursuant to the Federal Rules.

■ Plaintiff also argues that counsel for defendant did not indicate, as the trial date approached, that discovery problems remained, even though counsel for both parties engaged in "several informal conversations." This argument also fails, however, because not only did defendant file a motion to compel, but the Court denied it only with the assurance of plaintiff's counsel that plaintiff would respond to the discovery request and with the warning that the Court would dismiss the case if plaintiff did not comply. Moreover, a party does not have the obligation to continuously prod the adverse party to comply with the rules of discovery or an order of the court.[2]

The one thing that plaintiff does not argue is that she provided defendant with proper responses to its request for production of documents and with expert witness statements pursuant to Rule 26(b)(4). This is a simple negligence case which has been pending for five years and has been set for

---

2. While the Court always encourages counsel to cooperate with one another, especially during the discovery phase, "[m]ere agreements of counsel or parties cannot alone be sufficient to waive the timeliness requirements of the Federal Rules." *Keegel v. Key West & Caribbean*

*Trading Company, Inc.*, 627 F.2d 372, 374–75 (D.C.Cir.1980). Thus, plaintiff cannot argue that if defendant acquiesced, either directly or indirectly, in plaintiff's noncompliance, then the Court must accept this and refrain from imposing sanctions.

trial not less than seven times.[3] Plaintiff has been given every opportunity to comply with discovery requests and this Court's orders. "[I]f the district courts are to avoid exacerbating the already heavy backlog of litigation, the power and willingness to draw the line on dilatory litigants 'must be more than theoretical.'" *Ames,* 108 F.R.D. at 302 (quoting *Automated Datatron, Inc. v. Woodcock,* 659 F.2d 1168, 1170 (D.C.Cir.1981)). Thus, the Court has no choice but to dismiss the case for lack of prosecution under Rule 41(b) and for failure to provide discovery under Rule 37(b)(2)(C). Accordingly, it hereby is

ORDERED, that the case is dismissed.

SO ORDERED.

---

**3.** The Court is not implying that plaintiff is at fault for all of the continuances granted in the case.