35 F.3d 571
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William A. SEALS and Robert A. Guarrera, Petitioners,
v.
OFFICE OF THRIFT SUPERVISION, Respondent.
 No. 93-70272.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 31, 1994.
 
 1
 Before: D.W. NELSON and NOONAN, Circuit Judges, and KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 William A. Seals ("Seals") and Robert A. Guarrera ("Guarrera") (collectively, "petitioners"), former directors of Concor Financial Services, Inc. ("Concor") (a wholly owned subsidiary of Concordia Federal Bank for Savings ("Concordia")) petition for review of the decision of the Director of the Office of Thrift Supervision ("Director" or "OTS") ordering Seals and Guarrera to pay restitution to the Resolution Trust Corporation ("RTC"), as receiver for Concordia, and barring them from participation in Concordia and other depository institutions, pursuant to the OTS' action under the Financial Institutions Reform, Recovery and Enforcement Act of 1989, Pub.L. No. 101-73, 103 Stat. 1983 (1989) ("FIRREA"). Petitioners argue that: (1) the Director of the OTS erred in denying their motion to vacate the Administrative Law Judge's ("ALJ") decision that a default be ordered against them, because there was no hearing on the merits; and (2) the OTS proceeding was tainted by (a) improper testimony from OTS counsel, (b) reliance on improper testimony, and (c) by the ALJ's refusal to disqualify counsel and recuse himself. We have jurisdiction under 12 U.S.C. Sec. 1818(h), review for abuse of discretion, Great Western Bank v. Office of Thrift Supervision, 916 F.2d 1421, 1426 (9th Cir.1990), quoting 5 U.S.C. Sec. 706(2)(A), and affirm.
 
 I.
 
 4
 Under Fed.R.Civ.P. 55(c), an entry of default may be set aside only "for good cause shown." The courts have construed the "good cause" standard to require consideration of three factors: (1) whether petitioners were willful or culpable in the default; (2) whether the non-moving party will be prejudiced; and (3) whether the moving party has a meritorious defense. See Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir.) cert. denied, 484 U.S. 976 (1987); Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 374 (D.C.Cir.1980). All three factors must weigh in favor of the moving party before relief can be granted. Sony Corp. v. Elm State Electronics, Inc., 800 F.2d 317, 320-21 (2d Cir.1986). See also Meadows, 817 F.2d at 521.
 
 
 5
 Petitioners first argue that they were not willful or culpable in the default because they did not receive the Notice of Charges issued by the OTS. We disagree. Evidence supports the conclusion that Seals and Guarrera received the notices and deliberately ignored them. On July 5, 1990, the OTS Enforcement Review Committee ("Enforcement") issued a Notice of Charges and Hearing and Notice of Intention to Prohibit under Sec. 8(b) and (e) of the Federal Deposit Insurance Act, 12 U.S.C. Sec. 1818(b) and (e) against Seals and Guarrera. The Notice was sent to Seals and Guarrera by registered mail, return receipt requested on July 6, 1990. See 12 C.F.R. Sec. 509.9(a) ("service [by the OTS] ... shall be made by personal service or by registered or certified mail, addressed to the last known address of such party....). The letters were undated, and the registered mail receipts were not made a part of the record. The letters were subsequently returned to Enforcement, unopened. Neither Seals nor Guarrera responded in any way for five months.
 
 
 6
 On August 28, 1990, Enforcement again mailed Seals and Guarrera a letter by both registered mail, return receipt requested, and regular first class mail, stating that Enforcement had not received an answer to the Notice and advising of its intention to filed proposed findings of fact, conclusions of law and a recommended order requiring restitution. The letter sent by registered mail was returned to Enforcement unopened. The letters sent by regular first class mail, however, were not returned.
 
 
 7
 Pursuant to 12 C.F.R. Sec. 509.14(d), Enforcement moved for default before the ALJ on December 31, 1990, and submitted proposed findings of fact, conclusions of law and a proposed order. The findings, conclusions and order were mailed by overnight express mail to Seals and Guarrera. They did not respond. On January 24, 1991, the ALJ filed a Recommended Default Decision wherein he found that petitioners had been properly served with the Notice, but that they had failed to file and answer to the Notice as required by 12 C.F.R. Sec. 509.14(a) (1991). The ALJ therefore recommended that petitioners be found in default, and that the proposed findings of fact, conclusions of law and order submitted by the Enforcement Review Committee be adopted.
 
 
 8
 Alternatively, petitioners argue that they were not willful or culpable in their default because of mental incompetence. On February 15, 1991, Seals and Guarrera retained counsel and filed a motion asking the Director to reopen the proceeding and allow them to demonstrate that a default should not issue because they were both mentally incompetent at the initiation of the proceedings. To support their claims, petitioners submitted affidavits of their physicians. Neither physician had examined petitioners until several months after the onset of their alleged mental incompetence.[1] Their retrospective diagnoses are unimpressive.
 
 
 9
 As petitioners have failed to establish lack of willfulness or culpability in their default, the Director did not abuse his substantial discretion in denying petitioners' motion to vacate default.
 
 II.
 
 10
 Alleged Improper Testimony and Failure to Recuse.
 
 
 11
 Petitioners next argue that OTS Enforcement Counsel placed into controversy telephone conversations Guarrera had with OTS counsel Ivana Terango and ALJ Lewis F. Parker by using these telephone conversations in an attempt to undermine Guarrera's defense of mental incapacity to respond to the OTS Notice. Petitioners assert that by doing so, Terango and ALJ Parker improperly became witnesses to a disputed fact contrary to Rule 3.7 of the Model Rules of Professional Conduct[2] and Canon 3.E(1)(a) of the Code of Judicial Conduct.
 
 
 12
 The OTS responds by noting that Guarrera admitted under oath that he initiated the calls to the ALJ, and that the admission is the only piece of evidence relied upon by the Director in his Decision and Order.[3] Further, Rule 3.7 of the Model Rules provides:
 
 
 13
 (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
 
 
 14
 (1) The testimony relates to an uncontested issue;
 
 
 15
 In light of Guarrera's admission, the testimony is uncontested, and Terango is not in violation of the Rule.
 
 
 16
 As to ALJ Parker, it is unclear whether the Code of Judicial Conduct applies to him. But even if it does, the same principle applicable to Guarrera applies to the ALJ. Canon 3.E(1)(a) of the Code provides:
 
 
 17
 (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
 
 
 18
 (a) the judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding.
 
 
 19
 Once again, as the facts here were not disputed, the ALJ would not need to disqualify himself.
 
 
 20
 The decision of the Director is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Neither appellant sought treatment from the doctors until after Guarrera had telephoned OTS Enforcement Counsel and the ALJ in the early fall of 1990 and learned that Enforcement was about to seek a default order against them for their failure to respond to the Notice of Charges
 
 
 [2]
 The administrative proceeding took place in the District of Columbia, which has adopted the Model Rules of Professional Conduct
 
 
 [3]
 Petitioners assert that the substance of what was said during the conversations was in controversy. The Director's decision, however, merely notes:
 The record shows that Ivana Terango, an attorney representing OTS in this proceeding, received a telephone call, in or before September 1990, from a person identifying himself as Guarrera, who stated that he understood Ms. Terango was trying to get in touch with him. Opposition, Att. C. Guarrera admits that he called both the ALJ and Ms. Terango regarding the proceeding. Reply, Ex. 1. Guarrera's behavior is not consistent with the claim that he did not understand his obligation to respond to the Notice. Dr. Bowdle's affidavit contains no explanation of how his opinions can be squared with Guarrera's admitted conduct.