Thomas S. **HARRIS** III, Plaintiff,

v.

**DISTRICT OF COLUMBIA,**
**et al., Defendants.**

**Civ. A. No. 94–2064.**

United States District Court,
District of Columbia.

Jan. 9, 1995.

Adam Seth Proujansky, Dickstein, Shapiro & Morin, Washington, DC, for plaintiff.

## MEMORANDUM OPINION AND ORDER

SPORKIN, District Judge.

This matter comes before the Court on defendants' motions to vacate entry of default and for an extension of time to respond to plaintiff's complaint. Also before the Court are plaintiff's motions for default judgment and to strike defendants' motion to

dismiss. Plaintiff, a prisoner at the Lorton Correctional Facility (Lorton), alleges that defendants violated his rights under the Eighth Amendment of the United States Constitution by deliberately failing to provide him with proper medical treatment.

For the reasons cited below, this Court will vacate the entry of default, allow defendants to respond to plaintiff's complaint *nunc pro tunc*, deny plaintiff's motion for default judgment and deny plaintiff's motion to strike defendants' motion to dismiss. Although this Court is vacating the entry of default, it will impose sanctions on defendants for their repeated failure to meet filing deadlines in this case.

*Background*

Plaintiff filed his complaint on September 26, 1994. He alleges that defendants violated his rights under the Eighth Amendment of the United States Constitution.[1] Defendants District of Columbia (the District) and Kelly were served with a summons and the complaint on October 17, 1994. Defendants failed to respond either to the complaint or to plaintiff's November 15, 1994 request for entry of default. Default was entered ten days later. On November 30, 1994 defendants made motions to vacate the entry of default and for an extension of time to respond to plaintiff's complaint. On December 22, 1994 defendants filed a motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(6) or in the alternative for summary judgment.

*Analysis*

 It is within the discretion of this Court to decide whether an entry of default should be vacated under Fed.R.Civ.P. 55(c). *See Jackson v. Beech*, 636 F.2d 831, 835 (D.C.Cir.1980). An entry of default may be vacated upon a showing of good cause. Fed. R.Civ.P. 55(c). In making its determination, the Court should consider 1) whether the default was willful, 2) whether vacating the default would prejudice the plaintiff, and 3) whether a meritorious defense is alleged. *Keegel v. Key West & Caribbean Trading*

---

**1.** Plaintiff also alleges that his medical treatment was negligent. This is not a federal claim. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) (To state an Eighth Amendment claim for inadequate medical care plaintiff must allege defendant was deliberately indifferent to serious medical needs). Plaintiff's third claim, that defendants are liable for intentional infliction of emotional distress is also a state law claim.

*Co., Inc.,* 627 F.2d 372, 373 (D.C.Cir.1980). Although this Court cannot condone the failures of the defendants in this case, in weighing the various factors, it finds that default should be vacated.

The Court finds that vacating the default will not significantly prejudice the plaintiff. Plaintiff has requested damages of $50,000 against each defendant. Even if plaintiff wins his suit, vacating the default will simply result in a delay in plaintiff's obtaining money.

■ Defendants have also offered a meritorious defense, albeit late. Under the standards for vacating default in this Circuit, a defense is meritorious if it "contain[s] 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." *Keegel,* 627 F.2d at 374. Defendants have alleged a number of plausible defenses including the claim that plaintiff has not alleged a pattern of medical indifference sufficient to constitute municipal liability under 42 U.S.C. § 1983. *See, e.g., Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (holding that municipalities are only liable for actions of its officers under 42 U.S.C. § 1983 when the actions are part of a municipal policy or practice). Defendants also state that they have provided continuous medical treatment to plaintiff and have not been indifferent to plaintiff's medical needs. *See Farmer v. Brennan,* —— U.S. ——, ——–——, 114 S.Ct. 1970, 1982–83, 128 L.Ed.2d 811 (1994) ("Prison officials who actually knew of substantial risk to inmate health … may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.") Because defendants have made arguments in their motion to dismiss that could provide a complete defense they have met the meritorious defense standard set forth in *Keegel.*

Defendants assert that their failure to meet certain deadlines in this case was not willful. The Court finds little merit in defendants' claim. Defendants did not narrowly miss one deadline. They repeatedly missed deadlines and failed to file appropriate papers in this case. Defendants did not timely reply to plaintiff's complaint; they also failed to respond to plaintiff's request for entry of default. In addition, even after the Clerk of this Court entered default, the defendants did not file a substantive response to plaintiff's September 26, 1994 complaint until December 22, 1994, even though they made a motion to vacate the default on November 30, 1994.

Local Rule 108(g) requires a party to submit a verified answer *with* a motion to vacate an entry of default. Defendants did not do so. Defendants' failure to submit the motion to dismiss at the same time as they submitted their motion to vacate the default is another example of their pattern of late filings. Such repeated failures add up to more than an inadvertent mistake. The Court finds that defendants failure to respond to the complaint was not simple negligence.

Despite this, in balancing the three factors noted above, the Court finds that vacating the entry of default is appropriate. This Court is reluctant to decide this case on procedural grounds rather than on the substance of the allegations "[g]iven the strong policies favoring the resolution of genuine disputes on their merits." *Beech,* 636 F.2d at 835.[2]

■ This Court cannot, however, condone or even ignore the willful failure of the defendants to abide by deadlines and rules that apply to all litigants in this Court. As a result, under Fed.R.Civ. 16(f), this Court orders defendants to pay reasonable attorneys' fees and expenses for any time spent by plaintiff's counsel resulting from defendants' failure to comply with filing deadlines or other rules of this Court.[3] An appropriate order follows.

---

**2.** Bringing a lawsuit is not the same as playing the lottery. To grant default, and award damages to the plaintiff solely on the basis of the default would encourage individuals to bring non-meritorious lawsuits in the hope that defendants would not respond in time. Chances of this happening are probably greater than winning the lottery. We cannot permit our system of litigation to become a game of chance.

**3.** This would include time spent on the motions for entry of default, entry of default judgment, to strike defendants' motion to dismiss and in opposition to defendants' motion to vacate the default.

## ORDER

Having considered the submissions of the parties and having heard oral argument, this Court hereby **ORDERS**

that defendants' motion to vacate the entry of default is **GRANTED.** It is further

**ORDERED** that defendants' motion for an extension of time to respond to plaintiff's complaint *nunc pro tunc* to November 5, 1994 is **GRANTED.** It is further

**ORDERED** that plaintiff's motion for default judgment is **DENIED.** It is further

**ORDERED** that plaintiff's motion to strike defendants' motion to dismiss or in the alternative for summary judgment is **DENIED.** It is further

**ORDERED** that defendants pay reasonable attorney's fees and expenses to plaintiff for time spent preparing and arguing the motion for default, the motion for default judgment, the motion to strike defendants' motion to dismiss and the opposition to the motion to vacate the entry of default. It is further

**ORDERED** that plaintiff shall have ten days from the date of this order to respond to defendants' motion to dismiss, or in the alternative, for summary judgment.

**IT IS SO ORDERED.**