Avigail Lewis BITON, et al., Plaintiffs,

v.

The PALESTINIAN INTERIM SELF GOVERNMENT AUTHORITY, et al., Defendants.

No. CIV.A.01–382(RWR).

United States District Court, District of Columbia.

Nov. 27, 2002.

David Jacob Strachman, McIntyre, Tate, Lynch & Holt, Providence, RI, for plaintiffs.

Maher Hanna Hanania, Hanania, Kheder & Nawash, Falls Church, VA, for defendants.

## MEMORANDUM OPINION AND ORDER

ROBERTS, District Judge.

Plaintiffs brought this action under the successor to the Antiterrorism Act of 1991, 18 U.S.C. §§ 2331–2339 (2000), alleging that the defendants were involved in the November 2000 bombing of a school bus in the Gaza Strip which killed plaintiff Avigail Biton's husband and severely injured plaintiff Rachel Asraf. Defendants, the Palestinian Interim Self Government Authority ("PA") and the Palestinian Liberation Organization ("PLO"), move to set aside default entered against them and move for leave to file late a motion to dismiss the complaint, while plaintiffs move for entry of default judgment against those two defendants. Although defendants' vague and unsupported explanations for their failure to respond to the complaint timely seem meritless, the circumstances, on balance, favor setting aside default and defendants' motions will be granted.

## BACKGROUND

Plaintiffs filed a second amended complaint and served defendants by mail on October 22, 2001. The parties simultaneously filed a stipulation giving defendants' counsel 45 days from receipt of the second amended complaint to respond. The Court signed the stipulation and entered it as an order. Defendants failed to respond timely and sought no extension of time within which to respond. On February 7, 2002, plaintiffs moved for entry of default against the PA and the PLO, and the clerk entered default. Default was entered apparently just as defendants were arranging to deliver for filing a motion to dismiss. Upon learning of the entry of default, defendants filed shortly thereafter a motion to set aside default and for leave to file their motion to dismiss, while plaintiffs filed a motion for entry of default judgment against the PA and the PLO.

## DISCUSSION

 Resolving litigation by default is disfavored because of "the strong policies favoring the resolution of genuine disputes on their merits . . . ." *Jackson v. Beech,* 636 F.2d 831, 835 (D.C.Cir.1980).[1] Thus, entry of default may be set aside merely "for good cause shown." Fed.R.Civ.P. 55(c). In determining whether good cause is shown, courts balance three factors: whether "1) the default was willful, 2) a set-aside would prejudice plaintiff, and 3) the alleged defense was meritorious . . . ." *Keegel v. Key West & Caribbean Trading Co.,* 627 F.2d 372, 373 (D.C.Cir.1980); *see also Baade v. Price,* 175 F.R.D. 403, 405–406 (D.D.C.1997) (citing *Jackson,* 636 F.2d at 836). In assessing the factual circumstances asserted by the parties, "all doubts are resolved in favor of the party seeking relief." *Jackson,* 636 F.2d at 836 (citation omitted).

 Defendants offer two explanations for their delay. They say that the escalating Palestinian–Israeli conflict hampered communications necessary to prepare a response, and that defendants needed to coordinate their positions taken in multiple pending cases. Defendants have supplied no specifics—by proffer, affidavit, or otherwise—to support these claims. They have failed to identify who sought to communicate with whom and how, when it was, what specific events prevented the contacts, and what specifically prevented any claimed need to coordinate their litigation positions. Most tellingly, defendants never sought from the Court or the plaintiffs an extension on their deadline, and wholly fail to explain why they did not or could not. Defendants' explanations for their delay sound more like hollow excuses. My duty to accord the defendants the benefit of the doubt, however, keeps me from finding defendants' default to have been willful.

The second factor is whether setting aside default would prejudice the plaintiffs. Plaintiffs do not argue that it would, nor is any possible prejudice apparent. This case is procedurally in its early stages. No discovery has been conducted, and no summary judgment motions have been filed. In addition, the plaintiffs' entire case against the remaining defendants lies ahead of them.

Finally, regarding the presence of a meritorious defense, defendants have raised in their proposed motion to dismiss several affirmative defenses, including lack of subject matter jurisdiction, lack of in personam jurisdiction and non-justiciability. It is too early in this litigation to gauge the strength of those defenses, but the "[l]ikelihood of success is not the measure" here. *Keegel,* 627 F.2d at 374. "Defendants' allegations are meritorious if they contain even a hint of a suggestion which, proven at trial, would constitute a complete defense." *Id.* (citations and internal quotations omitted). Defendants' proffered defenses meet this standard.

## CONCLUSION

Because this case should be resolved on the merits and the circumstances do not support allowing the entry of default to remain, defendants' motion to set aside default will be granted. Because defendants were not wholly unresponsive litigants, but were simply, albeit inexcusably, late in responding, plaintiffs' motion for default judgment will be denied. Therefore, it is hereby

ORDERED that defendants' motion and amended motion to set aside default [13,

---

1. Default judgments, in particular, are normally meant to protect the diligent party against "interminable delay" caused by an "essentially unresponsive party" whose nonfeasance has halted the adversary process. *Jackson,* 636 F.2d at 836 (citation omitted).

18] be, and hereby are, GRANTED, and the defaults [11, 12] entered against the defendants are hereby VACATED. It is further

ORDERED that the plaintiffs' motion for entry of default judgment [19] be, and hereby is, DENIED. It is further

ORDERED that defendants' motion and amended motion for leave to file motion to dismiss [13, 18] be, and hereby are, GRANTED. The Clerk shall file and docket defendants' motion to dismiss second amended complaint that is attached to defendants' motion for leave to file [13]. Plaintiffs shall have 60 days from the date this Order is signed to respond. It is further

ORDERED that plaintiffs' motion in the alternative for discovery, and to stay [16] be, and hereby is, DENIED.