**Rory M. WALSH, Plaintiff,**

v.

**James B. COMEY, et al., Defendants.**

**Civil Action No. 15-348 (JEB)**

United States District Court, District of Columbia.

Signed June 11, 2015

Daniel M. Pell, Law Office of Daniel M. Pell, Farley G. Holt, Law Office of Farley G. Holt, York, PA, for Plaintiff.

Eric Joseph Young, U.S. Attorney's Office, Washington, DC, for Defendants.

## ORDER

JAMES E. BOASBERG, United States District Judge

This latest fantastical suit brought by *pro se* Plaintiff Rory Walsh targets the Federal Bureau of Investigation, its Director, and a number of current and former agents with allegations of, *inter alia*, break-ins and the chopping up of his prescription medication. Having secured the entry of default against two Defendants, Walsh now moves for default judgment against them. These Defendants respond by asking that the entry of default be vacated. The Court will grant their Motion and deny Plaintiff's.

After filing this action on March 11, 2015, Walsh submitted affidavits on April 1 that purportedly demonstrated proof of service on all Defendants. See ECF Nos. 4–5. On April 28, he filed an affidavit of default against Defendants George Venizelos and James L. Jones, Jr., on the ground that they had not timely responded to the Complaint. See ECF No. 8. The Clerk, in turn, entered default against these two that same day. See ECF No. 9. Plaintiff, the very next day, then moved for default judgment against both. See ECF No. 10.

A week later, the two Defendants moved the Court to vacate the entry of default, arguing that Jones was never properly served; that both Defendants had 60 days to respond to the complaint, thus rendering any default premature; and that, in any event, the Court should exercise its discretion and set aside the default. See ECF No. 11. Although Defendants are likely correct that the entry of default was improper, the Court may resolve this Motion simply by exercise of its discretion.

█ Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." The Court must exercise its discretion in making such a determination, but in this circuit, "strong policies favor resolution of disputes on their merits." Mohamad v. Rajoub, 634 F.3d 604, 606 (D.C.Cir.2011) (citation and internal quotation omitted). "In exercising its discretion, the district court is supposed to consider 'whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious.'" Id. (quoting Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 373 (D.C.Cir.1980)). The Court considers each of these factors, assuming for purposes of this Motion that Defendants were late in responding to the Complaint.

█ First, Defendants have not acted willfully because Plaintiff may never have correctly served Jones, and both Defendants believed that they had 60 days to respond to the Complaint. See Fed. R. Civ. P. 12(a)(2), (3).

Second, Plaintiff would not be remotely prejudiced by setting aside the default. These Defendants are only two of eight, they promptly moved to vacate the default a week after its entry, and no delay will occur given that all Defendants have now moved to dismiss.

Third, the defenses they have alleged in the motion to dismiss are likely to be meritorious. Plaintiff has filed many frivolous suits against government officials, and this one, at first glance, seems to fall into the same cate-

gory. See, e.g., Walsh v. Hagee, 900 F.Supp.2d 51, 61 (D.D.C.2012) (dismissing Plaintiff's "claims based on a bizarre government conspiracy theory"), aff'd, No. 12–5367, 2013 WL 1729762 (D.C.Cir. Apr. 10, 2013).

As a result, the Court ORDERS that:

1. Plaintiff's Motion for Default Judgment [ECF No. 10] is DENIED;

2. Defendants' Motion to Set Aside Default [ECF No. 11] is GRANTED; and

3. The entry of default shall be VACATED.

**SO ORDERED.**